UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kenneth Saunders,                      Case No. 1:10-cv-836

       Plaintiff,                         Judge Michael R. Barrett
                                        Magistrate Judge Stephanie K. Bowman

     v.

Barack Obama, et al.,

       Defendants.

## OPINION & ORDER

This matter is before the Court upon the Report and Recommendation ("Report") of Magistrate Judge Stephanie K. Bowman filed on March 27, 2012 (Doc. 48). The Report recommends that all of the motions to dismiss filed by Defendants (Docs. 28, 29, 34, 36, 38) be granted, that Plaintiff's claims against all Defendants be dismissed under the screening authority of *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), and that Plaintiff's motion to deny all of the Defendants' motions, to deny immunity, to hear the case and to restore Plaintiff's citizenship and rights (Doc. 43) be denied.

The parties were given proper notice pursuant to Fed. R. Civ. P. 72(b), including notice that the parties may waive further appeal if they fail to file objections in a timely manner. (Doc. 48). *See also United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Plaintiff has filed timely Objections to the Report. (Doc. 50). No Defendant has responded to Plaintiff's Objections.

The Report and Plaintiff's Objections are now ripe for review. For the reasons stated below, the Court overrules Plaintiff's Objections, and ADOPTS the Report in its entirety.

## I. BACKGROUND

A thorough explanation of Plaintiff's allegations was provided in the Report (Doc. 48 at 3-7). It therefore is unnecessary to repeat those allegations in full again here. In short, Plaintiff's *pro se* Complaint asserts various claims against twenty-one defendants[1] that appear to arise out of two distinct but related events: (1) child support proceedings that occurred in 2002 and 2003; and (2) a May 2008 incident that occurred at the Fairfield County Courthouse. (*See* Doc. 19).

The State Defendants, the State Judges, the Fairfield County Defendants and Defendant Charles Gordon filed motions to dismiss Plaintiff's Complaint. (Docs. 28, 29, 34, 36, 38). The Federal Defendants filed a "Suggestion of Improper Service." (Doc. 43). Neither Defendant Etna F. Puryear nor Defendant L.J. Henniger appears to have been served in this case, and neither has filed a motion. In the Report, the Magistrate Judge considers each of the motions to dismiss and the Suggestion of Improper Service. She also exercises her authority to screen Plaintiff's complaint for frivolousness under *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The Report

---

[1] The named Defendants included the following: (a) the "Federal Defendants," including the President of the United States, the United States Secretary of State, the United States Secretary of Homeland Security, the United States Attorney General, and the Secretary of the United States Department of Health and Human Services; (b) the "State Defendants," including the Governor of the State of Ohio, Ohio's United States Representative Gerald Stubbleton, Ohio State Representative Tim Shafer, Ohio Attorney General Richard Cordray, and the Ohio Child Enforcement Agency ("CSEA"); (c) the "State Judges," including Judge Farrell Jackson, Judge Chris Martin, and Attorney/Judge Kathy Mowry; (d) the "Fairfield County Defendants," including Fairfield County, Fairfield County Child Enforcement Agency, Fairfield County Courts, the Fairfield County Sheriff's Office, Attorney Charles Gordon and Christopher Viedt; (e) his ex-spouse Etna F. Puryear, and (f) Attorney L.J. Henniger.

concludes that Plaintiff's claims should be dismissed against all Defendants for multiple separate and independent reasons, which are discussed below in Section II.

Plaintiff's Objections to the Report focus on the remedies that he is seeking, including the return of his identification cards, driver's license, Social Security card, and United States passport, which he alleges were "confiscated by the State of Ohio and the OJFS/CSEA." (Doc. 50 at 1). He also indicates that he "had US Tax Dollars confiscated, US Tax Dollars confiscated of my Spouse, [i]ncluding Federal Stimulus Refund Checks," "Social Security Dollars confiscated," "Disability Monies confiscated," and money from other personal accounts confiscated, all of which allegedly were "confiscated by the State of Ohio and the OJFS/CSEA." (*Id.* at 2).

In addition to his complaints about the confiscation of his various identification cards and monies, the specific objections to the Report that the Court is able to discern are that (1) he did not have the opportunity to speak personally to any of the courts about his complaints; (2) he did not violate the Federal Rules of Civil Procedure because he relied on information from two unknown individuals employed by the Clerk of Courts regarding compliance with those rules, (3) the Court may be biased against him and in favor of the various Defendants that Plaintiff named in the Complaint, and (4) it is unfair for Defendants to claim, and for the Court to grant to Defendants, immunity for the claims asserted in this case. (*Id.* at 1-4).

## II.  LEGAL ANALYSIS

As an initial matter, the Court notes that it has authority to decide Plaintiff's case on the motions and memoranda of law filed by the parties, and it is not required to grant Plaintiff an oral hearing. S.D. of Ohio Civ. R. 7.1 ("No Motion Day. . . . "the

determination of all motions . . . shall be based upon memoranda filed pursuant to S. D. Ohio Civ. R. 7.2 and *without oral hearings, unless specifically ordered by the Court.*") (emphasis added). As such, Plaintiff's first objection, to the extent it is directed at this Court, is without merit.

As for Plaintiff's objections to the substantive recommendations of the Report, the Court analyzes them below, where relevant, in relation to each of the bases relied upon in the Report for dismissing Plaintiff's claims against all Defendants.

### A. <u>Dismissal of Claims Arising Out of a Child Support or Alimony Award</u>

The Report recommends that Plaintiff's claims arising out of a child support or alimony award be dismissed for lack of federal jurisdiction over such domestic relations issues. (Doc. 48 at 10-12). Plaintiff makes no objection that addresses, much less undermines, that recommendation. (*See* Doc. 50 at 1-4).

The Report further recommends that Plaintiff's claims arising out of the child support or alimony award imposed against him in 2003 be dismissed because they are barred by the two-year statute of limitations. (Doc. 48 at 16). Plaintiff again makes no objection that addresses, much less undermines, that recommendation.

Accordingly, the Court agrees with and adopts the Report's recommendations that Plaintiff's claims arising out of a child support and alimony award be dismissed. The Court further notes that even if it did not adopt the above recommendations of the Report, multiple other independently sufficient bases exist for dismissal of Plaintiff's claims arising from the child support and alimony award, which are discussed below.

### B. <u>Dismissal of Claims Arising From May 2008 Incident at Fairfield County Courthouse</u>

The Report also recommends dismissing the claims arising from the May 2008

4

incident that occurred at the Fairfield County Courthouse as barred by the two-year statute of limitations given that he did not file his motion to proceed *in forma pauperis* in this Court in relation to that claim until November 2010. (Doc. 48 at 16). Plaintiff does not make any objection that addresses, much less undermines, that recommendation. Accordingly, the Court agrees with and adopts the Report's recommendation that Plaintiff's claims arising out of the May 2008 incident at the Fairfield County Courthouse be dismissed as time-barred.

### C. Dismissal of All Claims for Improper Service of Process

#### 1. All Defendants

The Report recommends dismissing Plaintiff's claims against all Defendants for improper service of process. (Doc. 48 at 19-21). Plaintiff generally objects to the Report's recommendations because he contends he followed the instructions given to him by two clerks as to service of process. (Doc. 50 at 1-2).

Plaintiff's objections are not new. Indeed, those objections were addressed expressly in the Report:

> Plaintiff argues that he served all summons forms "in accordance to the instructions given by the Clerk of Courts." (*See, e.g.,* Doc. 39 at 4). He argues that this Court should not dismiss for failure of service if the Clerk of Court provided "misinformation concerning the method of service." (*Id.* at 4-5). . . .
>
> Plaintiff may well have misunderstood the alleged oral instructions of the Clerk of Court, who is not authorized and in fact strictly prohibited from dispensing legal advice. . . . Plaintiff was not entitled to rely on any such advice even if it was provided by an unknown employee of this Court. The Court's Order clearly explained to Plaintiff that he was required to "comply with federal and local rules of civil procedure," and emphasized his obligation to perfect timely service under Rule 4 of the Federal Rules of Civil Procedure, an obligation he has failed to fulfill.

(Doc. 48 at 20-21).

5

After considering the Report and Plaintiff's objections together, the Court finds that the Report's analysis of the issue is correct and that Plaintiff has provided no new information that would undermine that analysis. As such, the Court agrees with and adopts the Report's recommendation that Plaintiff's claims be dismissed as to all Defendants for improper service of process. The Court notes, however, that even if Plaintiff had properly served Defendants, the dismissal of the Complaint still would be appropriate on the multiple other grounds discussed herein.

### 2. Federal Defendants

The Report recommends that the claims against the Federal Defendants be dismissed due to improper/lack of service of process under Fed. R. Civ. P. 4(i). Aside from the general objections discussed above as to all Defendants that the Court found are insufficient to undermine the Report's recommendation, Plaintiff does not make any objections that specifically address his improper/lack of service on the Federal Defendants. (*See* Doc. 50 at 1-4). Absent any objections that would suggest that the Federal Defendants were properly served, the Court finds the Report's recommendation to be correct. The Court therefore adopts the Report's recommendation that the claims against the Federal Defendants be dismissed for improper/lack of service of process.

### D. Dismissal of All Claims Against the State Officials and ODJFS

As to the State Officials and ODJFS, the Report recommends dismissing all claims for (1) lack of subject matter jurisdiction, and/or (2) for failure to state a claim. Each of those recommendations is discussed below.

### 1. Dismissal for lack of subject matter jurisdiction

The Report recommends that Plaintiff's claims be dismissed against the State

Officials and ODFJS for lack of subject jurisdiction pursuant to the Eleventh Amendment. Although the bases for the dismissals as to each are similar, the Court will discuss each basis and Plaintiff's objections, to the extent they may apply, separately.

### a) **The claims against State Officials are barred**

As the Report correctly concludes, Plaintiff has failed to "set forth clearly in [his] pleadings that [he is] suing the state defendants in their individual capacity for damages, not simply their capacity as state officials," as he is required to do if he seeks to bring claims against individual defendants. (Doc. 48 at 8-9). Further, Plaintiff does not indicate in his Objections that he intended to bring claims against the State Officials as individuals. (*See* Doc. 50 at 1-4). As such, this Court will construe the claims against the State Officials to be claims against them in their official capacities only, and not as claims against them as individuals. For the reasons explained below, the Court finds that the Report correctly concludes that all of the claims against the State Officials are barred and must be dismissed.

First, Plaintiff's federal claims against the State Officials are barred by the Eleventh Amendment. Plaintiff's objections reaffirm that he is seeking only two forms of relief in this case: (1) money damages, and (2) retrospective relief in the form of the return of his identification cards. (Doc. 50 at 1-2). The Report correctly concludes that the State Officials are entitled to Eleventh Amendment immunity for claims brought under 42 U.S.C. § 1983 for which the plaintiff seeks money damages or retrospective relief. *See generally Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989).

Plaintiff's only objection to the Report's conclusion appears to be that he does not

7

believe it is fair to grant the State Officials immunity in this case. (Doc. 50 at 2). That general objection, however, is not supported by any facts or law that would undermine the conclusion that Eleventh Amendment immunity is applicable here. Accordingly, the Court adopts the Report's recommendation that Plaintiff's claims against the State Officials be dismissed on the ground of Eleventh Amendment immunity.

Second, as the Report correctly concludes, the Court lacks subject matter jurisdiction over Plaintiff's common law claims against the State Officials. (*See* Doc. 48, at 9-10). As explained above, Plaintiff has not asserted any valid federal claims against the State Officials. The Court therefore is unable to exercise supplemental jurisdiction over the pendent state law claims. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984); *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 520-21 (6th Cir. 2007). *See also* 28 U.S.C. § 1367; *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 540-42 (2002). Since Plaintiff does not make any objections that would relate to his common law claims, the Court agrees with and adopts the Report's recommendation that Plaintiff's state common law claims be dismissed.

### b) The claims against ODFJS are barred

Similar to the claims against the State Officials, Plaintiff's claims against the ODFJS cannot stand for two reasons. First, as the Report correctly states, the ODJFS is entitled to Eleventh Amendment immunity as to Plaintiff's federal claims seeking monetary damages and/or retrospective relief because it is a state agency. (Doc. 48 at 9). Second, as explained as to the State Officials, the Court lacks supplemental jurisdiction over Plaintiff's state common law claims. (*See id.*) Plaintiff does not make any objections that would compel a different conclusion. Accordingly, the Court agrees

8

with and adopts the Report's recommendation that all of Plaintiff's claims against the ODFJS be dismissed. (*See id.*).

### 2. Dismissal for failure to state a claim

The Report further recommends that all claims against the State Officials and ODFJS (as well as all other Defendants) be dismissed for failure to state a claim on two separate grounds. First, the Report concludes that Plaintiff has failed to state a claim because, as discussed above, the Eleventh Amendment bars the claims against both the State Officials and ODFJS. (Doc. 48 at 12-13). As previously explained, Plaintiff has made no objections that would compel the Court to conclude that Eleventh Amendment immunity is inapplicable here.

Second, the Report concludes that Plaintiff has failed to state a claim because his allegations concerning the State Officials' and/or ODFJS's (as well as other Defendants') failure to act upon his prior complaints do not state a claim for relief under 42 U.S.C. § 1983. (Doc. 48 at 13). The Court is unable to identify any objections made by Plaintiff that undermine that conclusion.

For the above reasons, the Court agrees with and adopts the Report's recommendation that all of Plaintiff's claims against the State Officials and ODJFS be dismissed for failure to state a claim.

### E. Dismissal of All Claims Against The State Judges

The Report recommends dismissing Plaintiff's claims against the State Judges for (1) lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, and/or (2) for failure to state a claim. (Doc. 48 at 10). Each recommendation is discussed below.

## 1. Dismissal for Lack of Subject Matter Jurisdiction

The *Rooker-Feldman* doctrine prevents a federal district court from reviewing the judgments of the state court. *District Court of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust So.*, 263 U.S. 413, 415-16 (1923). *See also* 28 U.S.C § 1257. Applying the *Rooker-Feldman* doctrine, the Magistrate Judge concluded that "the heart of Plaintiff's claims against the State Judges challenges the award of child support and/or alimony, which would be an improper invocation of federal jurisdiction." (Doc. 48 at 10). Plaintiff makes no objection that challenges the application of the *Rooker-Feldman* doctrine to his claims against the State Judges.

Instead, as far as the Court can discern, the only objection made by Plaintiff as to the dismissal of his claims against the State Judges relates to his unsupported contentions that the State Judges were biased towards him. (Doc. 50 at 2-3). Plaintiff bases his bias objection on two articles about courts outside this jurisdiction that are involved in this case, but which may have been influenced by special interest groups in specific cases. (Doc. 50 at 2-3). Those articles do nothing to demonstrate any real possibility of bias by any of the courts in this jurisdiction or in this particular case, and are insufficient to raise a plausible claim for relief against the State Judges.

Further, the core issue raised by Plaintiff's bias objection is his disagreement with the child support and custody decisions made by the State Judges, which were unfavorable to Plaintiff. (*Id.* at 2-3). As explained in the Report, a federal district court's review of state child support and custody decisions "would be an improper invocation of federal jurisdiction." (Doc. 48 at 10). Plaintiff's objection therefore does not compel a different conclusion than the one reached in the Report, and the Court hereby adopts

the Report's recommendation that Plaintiff's claims against the State Judges be dismissed pursuant to the *Rooker-Feldman* doctrine.

### 2. Dismissal for Failure to State a Claim

The Report also concludes that Plaintiff's allegations are insufficient to state a plausible claim for relief against the State Judges because (1) as to Judge Martin, there are no allegations in the body of the Complaint about him, (2) as to Judge Jackson and Judge Mowry, the allegations relate only to "numerous non-verbal hearings" that do not state a possible claim, (3) as to Judge Jackson and Judge Mowry (as a judge, not an attorney), they are absolutely immune from money damages for conduct undertaken in their judicial role, and (4) as to Judge Mowry in her role as an attorney for the CSEA, she is entitled to qualified immunity. (Doc. 48 at 13-14).

Plaintiff does not make any objections that appear to relate to the first conclusion in the Report. Given that the Court finds the Report to be correct as to that conclusion, the Court adopts the recommendation that the claims against Judge Martin be dismissed in their entirety.

As to the second conclusion, Plaintiff appears to object because he believes he was entitled to an oral hearing. (Doc. 50 at 2). However, that objection lacks merit because the Ohio Rules of Civil Procedure do not require the State Judges to hold oral hearings. Ohio R. Civ. P. 7(B)(2) ("[T]he court may make provision by rule or order for the submission and determination of motions *without oral hearing* upon brief written statements of reasons in support and opposition.") (emphasis added). As such, Plaintiff was not entitled to receive such a hearing.

With respect to the third and fourth conclusions, Plaintiff appears to object on the

11

basis that it generally is unfair that Judge Jackson and Judge Mowry (as both a judge and an attorney) receive immunity in this case. (Doc. 50 at 2). Plaintiff, however, provides no substantive information from which this Court may infer that Eleventh Amendment immunity is not properly applied with respect to the claims against Judge Jackson and Judge Mowry. Plaintiff's objection therefore fails to undermine either the third or fourth conclusion of the Report.

For each of the above reasons, the Court agrees with and adopts the Report's recommendation that the claims against the State Judges be dismissed for failure to state a claim.

### A. Dismissal of All Claims Against the Fairfield County Defendants

The Report recommends dismissing all claims against the Fairfield County Defendants for failure to state a claim. (Doc. 48 at 14-16). Specifically, the Report recommends that the claims against Fairfield County, the Fairfield County CSEA, the Fairfield County Courts and Christopher Veidt be dismissed because the claims are based on the "2002-2003 non-support proceedings, which are a state matter, and thus fail to state any federal claim cognizable in this Court." (*Id*. at 15). As explained above in Section II(A), Plaintiff has raised no objections that undermine that recommendation. Therefore, the Court finds the Report to be correct, and it adopts the recommendation to dismiss the claims against the above-mentioned Fairfield County Defendants for failure to state a claim.

Further, the Report recommends dismissal of the claims against the Fairfield County Sheriff's Department arising out of the May 2008 incident at the Fairfield County Courthouse as time-barred. As explained above in Section II(B), Plaintiff has raised no

objections that undermine that recommendation. The Court therefore finds the Report to be correct, and it adopts the recommendation to dismiss the claims against the Fairfield County Sheriff's Department for failure to state a claim.

### B. Dismissal of All Claims Against Ms. Puryear

The Report recommends dismissing all claims against Plaintiff's ex-wife, Ms. Puryear, for failure to state a plausible claim for relief over which this Court has jurisdiction and on the additional ground that he failed to serve her with summons in this case. (Doc. 48 at 12). Plaintiff makes no objections that address his claims against Ms. Puryear or his failure to serve her with summons. (*See* Doc. 50 at 1-4). Since the Court finds the Report to be correct, it adopts that recommendation that the claims against Ms. Puryear be dismissed.

### C. Dismissal of All Claims Against Charles E. Gordon

The Report recommends dismissing all claims against Charles E. Gordon for failure to state a claim because the only claim raised against him relates to work he purportedly performed in his official capacity for the Fairfield CSEA, for which he would be entitled to Eleventh Amendment immunity. (Doc. 48 at 14). Plaintiff raises no objections that could be construed as applying to the dismissal of Mr. Gordon's claim or that would undermine the application of Eleventh Amendment immunity to Mr. Gordon in his official capacity. Instead, the only objection Plaintiff makes is that generally it is unfair that the governmental officials, employees, and/or agencies are granted immunity in this case. (Doc. 50 at 2). The Court concludes that Plaintiff's contention of unfairness does not change the fact that Eleventh Amendment immunity exists and is applicable to the claims against Mr. Gordon. Accordingly, the Court agrees with and adopts the Report's recommendation that the claims against Mr. Gordon be dismissed

for failure to state a claim.

### D. Dismissal of All Claims Under *Iqbal and Apple v. Glenn*

As an additional ground for dismissal of all of Plaintiff's claims, the Magistrate Judge recommends dismissal for failure to satisfy the federal pleading standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80, 129 S. Ct. 1937 (2009) and *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). (Doc. 48 at 18). As the Court concludes that the Report correctly applies the law in relation to these pleading standards, and because the reasons for dismissal on this additional ground are intertwined with the reasons for dismissing Plaintiff's claims on each of the grounds discussed above to which Plaintiff has not presented any compelling objections, it adopts the Report's recommendation that all of Plaintiff's claims against Defendants be dismissed for failure to state a plausible claim for relief under *Iqbal* and *Apple*.

## III. CONCLUSION

Having reviewed this matter *de novo* in accordance with Fed. R. Civ. P. 72, the Court finds Magistrate Judge Stephanie K. Bowman's Report (Doc. 48) to be thorough, well reasoned, and correct. Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Objections to the Report (Doc. 50) is OVERRULED, and the Report is ADOPTED in its entirety;

2. The motions to dismiss filed by various Defendants (Docs. 28, 29, 34, 36, 38) are GRANTED;

3. Pursuant to the screening authority of *Apple v. Green*, the claims against all Defendants, including the Federal Defendants, are DISMISSED;

4. Plaintiff's motion to deny all of the Defendants' motions, to deny immunity,

to hear the case and to restore Plaintiff's citizenship and rights (Doc. 43) is DENIED.

5. Plaintiff's Complaint (Doc. 3) is DISMISSED WITH PREJUDICE as to all Defendants.

5. This case is CLOSED and shall be TERMINATED from the docket of this Court.

**IT IS SO ORDERED.**

                                              s/ Michael R. Barrett
                                              Michael R. Barrett, Judge
                                              United States District Court